# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| Infogation Corporation, | Case No. 2:24-cv-00304 |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| BMW of North America, LLC, | |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Infogation Corporation ("Infogation" or "Plaintiff") hereby files this Original Complaint for Patent Infringement against BMW of North America, LLC ("BMWNA" or "Defendant"), and alleges, upon information and belief, as follows:

## THE PARTIES

1.    Infogation Corporation is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 1409 Constellation Drive, Allen, Texas 75013.

2.    Upon information and belief, BMWNA is a limited liability company organized under the laws of Delaware.

3.    On information and belief, Defendant designs, manufactures, distributes, imports, offers for sale, and/or sells in the State of Texas and the Eastern District of Texas automotive vehicles and components thereof that infringe the Patents-in-Suit, contributes to inducement by others, and/or induces others to commit acts of patent infringement in the State of Texas and the Eastern District of Texas.  Defendant has regular and established places of business, at which it has committed acts

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                    1

of infringement and placed the accused products into the stream of commerce, throughout the State of Texas and the Eastern District of Texas.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over Defendant because Defendant conducts business in and has committed acts of patent infringement in this District and the State of Texas and has established minimum contacts with this forum state such that the exercise of jurisdiction over Defendant would not offend the traditional notions of fair play and substantial justice.

6.    Defendant is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in the State of Texas and this District, including through its past and ongoing infringing activities, because Defendant regularly does and solicits business herein, and/or because Defendant has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided in the State of Texas and this District.

7.    Defendant transacts substantial business with entities and individuals in the State of Texas and this District, by among other things, willfully using the infringing methods and systems throughout the State of Texas and this District. Defendant relies on the infringing methods and systems to introduce and sell millions of products into the stream of commerce with the knowledge and expectation that they will be sold in the State of Texas and this District.

8.    Defendant maintains regular, physical, continuous, and established places of businesses in this District, which Defendant has established, ratified, and controlled and from which they have willfully infringed the Asserted Patents in order to benefit themselves in this District. Defendant commits acts of infringement in this District, including as explained further below by making and

using the infringing systems in, and performing at least one step of the accused methods of the Asserted Patents, at their regular and established places of business in this District.

9.    Upon information and belief, Defendant has authorized dealers/sales/customer service agents in the Eastern District of Texas (collectively "Customer Agents"). Defendant has a regular and established place of business in this District through the Customer Agents acting as agents. Defendant manifests assent to the Customer Agents that they shall act on Defendant's behalf and subject to its control, and the Customer Agents manifest assent or otherwise consent to act. Defendant maintains "interim control" over the Customer Agents' work, in which they rely on interactions and Defendant's instructions within the scope of their work.

10.   Upon information and belief, the contracts between Defendant and the Customer Agents establish (1) Defendant has the right to direct and control the Customer Agents, (2) Defendant has manifested consent that Customer Agents act on its behalf, and (3) the Customer Agents have consented to act on behalf of Defendant. The Customer Agents sell, monitor, train, oversee use, handle warranty issues and handle complaints and returns for automobiles obtained from and on behalf of Defendant for customers in this District. Those activities involve warranty issues, storage, transport, training, monitor and exchange of goods and services and are part of Defendant's business.

11.   Upon information and belief, Defendant has established and ratified the Customer Agents' places of business because the contracts affect how they perform hospital set ups, approval of procedures to be performed at hospitals with Defendant products, sales, training, handling complaints, returns. Defendant also provides the Customer Agents with all information required to properly get products approved at hospitals.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                        3

12.     The Customer Agents in this district have fixed geographical locations. They are "regular" and "established" because they operate in a "steady, uniform, orderly, and methodical manner" and are sufficiently permanent. These locations are "of the defendant" because Defendant has contractual rights with them—authorized distributors in the United States.

13.     Defendant ratifies the Customer Agents' locations because it exercises interim control over the Customer Agents' activities and holds out to the public that Defendant's distribution, warehousing, marketing and sales of the products are being performed at and by Customer Agents' locations in this District. Indeed, Defendant controld specific warranty rejections when presented to a Customer Agent. Further, Defendant maintains multiple controls over advertising and warranty and repair work of Customer Agents.

14.     Venue is proper in this District as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b).  As noted above, Defendant maintains a regular and established business presence in this District. *See In re Monolithic Power Sys., Inc.,* 50 F.4th 157, 160 (Fed. Cir. 2022); *see also AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00361-JRG, 2022 WL 1511757, at *9 (E.D. Tex. May 12, 2022); *IOT INNOVATIONS LLC, Plaintiff, v. MONITRONICS INTERNATIONAL, INC., d/b/a BRINKS HOME*, Defendant., No. 2:22-CV-0432-JRG-RSP, 2023 WL 6318049, at *5 (E.D. Tex. Sept. 11, 2023), *report and recommendation adopted sub nom. Iot Innovations LLC v. Monitronics Int'l, Inc.*, No. 222CV00432JRGRSP, 2023 WL 6300560 (E.D. Tex. Sept. 27, 2023).

## PATENTS-IN-SUIT

15.     Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent 10,107,628 (the "'628 Patent"), U.S. Patent 8,898,003 (the "'003 Patent"), U.S. Patent 8,406,994 (the "'994 Patent") and U.S. Patent 6,292,743 (the "'743 Patent") (hereinafter collectively referred to as the "Patents-in-Suit").

16.     By written instruments executed, Plaintiff is assigned all rights, title, and interest in the Patents-in-Suit.  As such, Plaintiff has sole and exclusive standing to assert the Patents-in-Suit and to bring these causes of action.

17.     The Patents-in-Suit are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

18.     The Patents-in-Suit have been cited in over 200 patents issued to well-known industry leaders, including industry giants Toyota, Google, Microsoft, Garmin, Honda, TomTom, Aol, Mapquest, Facebook, Verizon, Sprint, Cisco, Samsung, NEC, Nokia, Alcatel, Pioneer, Phillips, Lucent, IBM, Intel, Motorola, Sony, Toshiba and Kaarta.

19.     The Patents-in-Suit each include numerous claims defining distinct inventions.  No single claim is representative of any other.

20.     The priority date of the '628 Patent is at least as early as August 11, 2007. It generally relates to the area of Global Positioning System (GPS), and, in particular, to navigation on non-linearly scaled maps and how to display such non-linearly scaled maps with proper colors on a display screen. As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.  Indeed, the Patents-in-Suit overcame a number of specific technological problems in the industry and provided specific technological solutions.

21.     The '628 Patent is not abstract, and/or provides technical improvements over the prior art. As explained in the '628 Patent, "the present invention discloses techniques of navigating on a non-linearly scaled map, where the non-linearly scaled map shows exaggeratedly points of interest."

22.     The priority date of the '003 Patent and the '994 Patent is at least as early as November 7, 2008. The '003 Patent and the '994 Patent generally relate to the area of Global Positioning System (GPS). In particular, the present invention is related to electronically generated map with one or

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    5

more objects therein being realistic. As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.  Indeed, the Patents-in-Suit overcame a number of specific technological problems in the industry and provided specific technological solutions.

23.     The '003 Patent and the '994 Patent are not abstract, and/or provides technical improvements over the prior art. As explained in the '003 Patent and the '994 Patent, "the present invention is a GPS device comprising: a memory space for storing code, a micro-controller, coupled to the memory space, executing the code to perform operations of: displaying the map in accordance with a location determined by the GPS device; superimposing images representing objects onto the map, wherein the objects resembles structures or settings around the location; changing the images with different color effects in reference to an input from at least a source about conditions of the location at a time that the map is to be displayed on the GPS device, making the map resembling an electronically generated map with a certain level of realism in accordance with surrounding of the location of the GPS device."

24.     The priority date of the '743 Patent is at least as early as January 6, 1999. It generally relates to a mobile navigation system and apparatus, and more particularly to a distributed navigation system having a wireless connection to a server for calculating optimal routes using real-time data. As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.  Indeed, the Patents-in-Suit overcame a number of specific technological problems in the industry and provided specific technological solutions.

25.     The '743 Patent is not abstract, and/or provides technical improvements over the prior art. As explained in the '743 Patent, "the present invention is that it alleviates the need to have specific pre-defined turn-by-turn mapping databases installed on the client."

26.   The claims of the Patents-in-Suit are patent eligible under 35 U.S.C. § 101, 102, 103, and 112, as reflected by the fact that three different Patent Examiners all agreed and allowed the Patents-in-Suit over extensive prior art as disclosed and of record during the prosecution of the Patents-in-Suit.  *See Stone Basket Innov.,* 892 F.3d at 1179 ("when prior art is listed on the face of a patent, the examiner is presumed to have considered it") (citing *Shire LLC v. Amneal Pharm., LLC,* 802 F.3d 1301, 1307 (Fed. Cir. 2015)); *Exmark Mfg. v. Briggs & Stratton,* 879 F.3d 1332, 1342 (Fed. Cir. 2018).

27.   After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiners allowed all of the claims of the Patents-in-Suit to issue.  In so doing, it is presumed that Examiners used their knowledge of the art when examining the claims.  *See K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Patent Examiners had experience in the field of the invention, and that the Patent Examiners properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

28.   The claims of the Patents-in-Suit are novel and non-obvious, including over all non-cited art that is merely cumulative with the referenced and cited prior art.  *See* 37 C.F.R. § 1.56(b) (information is material to patentability when it is not cumulative to information already of record in the application); *see also AbbVie Deutschland GmbH v. Janssen Biotech,* 759 F.3d 1285, 1304 (Fed. Cir. 2014); *In re DBC,* 545 F.3d 1373, 1382 (Fed. Cir. 2008).  Likewise, the claims of the '628 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by the Examiners.  *See, e.g.,*

*St. Clair I.P. Consultants v. Canon, Inc.,* 2011 WL 66166 at *6 (Fed. Cir. 2011); *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002); *In re Koninklijke Philips Patent Litigation,* 2020 WL 7392868 at *19 (N.D. Cal. 2020); *Standard Oil v. American Cyanamid,* 774 F.2d 448, 454 (Fed. Cir. 1985) (persons of ordinary skill are presumed to be aware of all pertinent prior art).

## THE ACCUSED INSTRUMENTALITIES

29.     Upon information and belief, DEFENDANT makes, sells, advertises, offers for sale, uses, or otherwise provides an apparatus and method for navigation systems covered by the Patents-in-Suit, including but not limited to, the iDrive infotainment system included in personal vehicles, in all trims and configurations, such as the BMW X1, BMW X3, BMW X3 M, BMW X4, BMW 4 X4 M, BMW X5, BMW X5 M, BMW X6, BMW X6 M, BMW X7, BMW iX, BMW 2 Series, BMW 3 Series, BMW 4 Series, BMW 5 Series, BMW 7 Series, BMW 8 Series, BMW M2, BMW M3, BMW M4, BMW M5, BMW M8, BMW i4, BMW i7, BMW Z4, among other vehicles, including all augmentations to these platforms or descriptions of platforms.

30.     In 2007, and since, BMW also incorporated the iDrive infotainment system into its MINI brand of vehicles  (https://www.autoblog.com/2006/08/30/mini-gets-idrive-uses-joystick-instead-of-dial/). Thus, Defendant also makes, sells, advertises, offers for sale, uses, or otherwise provides an apparatus and method for navigation systems covered by the Patents-in-Suit, including but not limited to, the iDrive infotainment system included in personal vehicles, in all trims and configurations, such as the MINI Cooper, Clubman and Countryman, among other vehicles, including all augmentations to these platforms or descriptions of platforms.

31.     BMW also acquired the Roll Royce brand of vehicles in 1998. BMW also incorporated the iDrive infotainment system into its Rolls Royce brand of vehicles. Thus, Defendant also makes, sells, advertises, offers for sale, uses, or otherwise provides an apparatus and method for navigation

systems covered by the Patents-in-Suit, including but not limited to, the iDrive infotainment system included in personal vehicles, in all trims and configurations, such as the Rolls Royce Phantom VII, Phantom Drophead Coupé, Phantom Coupé, Ghost, Wraith, Dawn, Sweptail, Phantom VIII, Cullinan, Boat Tail, and Spectre, among other vehicles, including all augmentations to these platforms or descriptions of platforms.

32.     Collectively, all the foregoing is referred to herein as the "Accused Instrumentalities."



*See* **https://www.bmwgroup.com/en/news/general/2021/new_bmwidrive.html (screenshot of BMW's website describing and showing the iDrive system with maps).**

33.     Since the filing of the Original Complaint, Defendant has further been put on notice of its infringement of the Patents-in-Suit with respect to the Accused Instrumentalities through Plaintiff's Disclosure of Asserted Claims and Infringement Contentions.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    9

**COUNT I**
**Infringement of U.S. Patent No. 10,107,628**

34.     Plaintiff incorporates the above paragraphs by reference.

35.     Defendant has been on actual notice of the '628 Patent at least as early as the date it received service of the Original Complaint in this litigation.

36.     Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '628 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

37.     Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

38.     Defendant has directly infringed and continues to directly infringe the claims of the '628 Patent. As exemplary, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.   Defendant directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom. More specifically, and on information and belief and as represented in the videos below, with respect to the Accused Instrumentalities, Defendant:

- (i) practices and provides downloading from a network into a computing device an artistic map, the artistic map being non-linearly scaled and including various objects being exaggeratedly shown on the computing device to facilitate a user using the computing device to view and select one of the objects to navigate thereto in the artistic map, wherein the computing device is portable, equipped with navigation capability and provides a traveling guidance based on a geographical map, the artistic map is not

used directly by the computing device for navigation, each of the objects is represented by a plurality of points on a display of the computing device, and the geographical map is not being displayed on the display;

- (ii) practices and provides receiving in the computing device a selection on the one of the objects from the user as a selected object;

- (iii) practices and provides determining by the computing device a pair of coordinates for one of the points on the selected object;

- (iv) practices and provides transforming in the computing device the pair of coordinates to a physical point represented by a pair of latitude and longitude in the geographical map not being shown on the display, the points representing the selected object having different pairs of coordinates, but all of the different pairs of coordinates for the selected object corresponding substantially to the physical point when said transforming is performed;

-  (v) practices and provides detecting a current location of the computing device in the geographical map; and

- (vi) practices and provides determining according to the geographical map a navigational direction from the current location to the one of the objects being selected; and

-  practices and provides showing the navigational direction on the artistic map being displayed.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT



*See* **https://youtu.be/NxEZo0Oonek (video of downloading map from network into BMW iDrive).**



*See* **https://www.bimmer-tech.net/blog/item/101-basic-bmw-navigation (screenshot showing relationship between artistic map and geographic map, selection of point, location and navigation for BMW iDrive).**

39.     Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                  12

the Accused Instrumentalities in an infringing manner.  Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

40.     As shown above, Defendant is making, using, and offering for sale the Accused Instrumentalities.

41.     Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing method operation of the Accused Instrumentalities.

42.     On information and belief, the infringement of the '628 Patent by Defendant has been willful through the filing and service of the Original Complaint.  The '628 Patent is not expected to expire before July 26, 2033.

43.     In addition or in the alternative, Defendant now has knowledge and continues these actions since eservice of the Original Complaint and it indirectly infringes by way of inducing direct infringement by others and/or contributing to the infringement by others of the '628 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '628 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Defendant injured Plaintiff and is thus liable to Plaintiff for infringement of the '628 Patent under 35 U.S.C. § 271.

44.     Now with knowledge of the '628 Patent, Defendant induces infringement under Title 35 U.S.C. § 271(b).  Defendant will have performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a

threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

45.     Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

46.     As one non-limiting example, Defendant, with knowledge that the accused automotive vehicles and components thereof infringe at least as of the date of the Original Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '628 Patent by providing product manuals that instruct end users how to use the Defendant navigation system, including specifically how to initiate such functions. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there is a high probability that others, including end users, infringe the '628 Patent, but while remaining willfully blind to the infringement.



*See* **https://youtu.be/NxEZo0Oonek** (video of downloading map from network into BMW iDrive).

47.    In addition, on information and belief, and based in part upon the clear infringement by the Accused Instrumentalities, Defendant has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

48.    The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '628 Patent.

49.    Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

### COUNT II
### Infringement of U.S. Patent No. 8,898,003

50.    Plaintiff incorporates the above paragraphs by reference.

51.    Defendant has been on actual notice of the '003 Patent at least as early as the date it received service of the Original Complaint in this litigation.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                  15

52.    Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '003 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

53.    Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

54.    Defendant has directly infringed and continues to directly infringe the claims of the '003 Patent.  As exemplary, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  Defendant directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.  More specifically, and on information and belief and as represented in the video below, with respect to the Accused Instrumentalities, Defendant:

- (i) practices and provides displaying the map in accordance with a location determined by the GPS receiver, wherein the map shows a route on which the GPS receiver is indicated moving along;

- (ii) practices and provides superimposing images representing objects onto the map, wherein the objects resembles structures or settings along the route, the images are superimposed along the route to create a 3D impression around the location, wherein the structures or settings include one or more of landmarks, signs, significant buildings, and exit designs, a perspective of the structures or settings changes in accordance with

a direction the GPS receiver is moving, the map is not changed relatively while the images being imposed change as the structures or settings change; and

- (iii) practices and provides changing the images with different color effects in reference to an input from at least one source about conditions of the location at a time that the map is displayed on the GPS receiver, making the map resembling an electronically generated map with a certain level of realism in accordance with surrounding of the location of the GPS, wherein an icon of a vehicle in the map shows that headlights are on when the vehicle is supposed to turn on its headlights.



***See*** **https://youtu.be/KOCEjkjG500.  (video showing turning on headlight icon for BMW iDrive).**

55.   Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                      17

Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Instrumentalities in an infringing manner.  Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

56.     As shown above, Defendant is making, using, and offering for sale the Accused Instrumentalities.

57.     Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing method operation of the Accused Instrumentalities.

58.     On information and belief, the infringement of the '003 Patent by Defendant has been willful through the filing and service of the Original Complaint. The '003 Patent does not expire before February 2, 2030.

59.     In addition or in the alternative, Defendant now has knowledge and continues these actions since eservice of the Original Complaint and it indirectly infringes by way of inducing direct infringement by others and/or contributing to the infringement by others of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '003 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Defendant injured Plaintiff and is thus liable to Plaintiff for infringement of the '003 Patent under 35 U.S.C. § 271.

60.     Now with knowledge of the '003 Patent, Defendant induces infringement under Title 35 U.S.C. § 271(b).  Defendant will have performed actions that induced infringing acts that

Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

61. Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

62. Defendant has taken active steps to induce infringement, such as advertising (for example, through its marketing, user manuals, and online instruction materials as cited in Figures included in this and the Original Complaint) an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

63. As one non-limiting example, Defendant, with knowledge that the accused automotive vehicles and components thereof infringe at least as of the date of the Original Complaint,

knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '003 Patent by providing product manuals that instruct end users how to use the Defendant navigation system, including specifically how to initiate such functions. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there is a high probability that others, including end users, infringe the '003 Patent, but while remaining willfully blind to the infringement.



*See* **https://youtu.be/KOCEjkjG500**.  (video showing turning on headlight icon for BMW iDrive).

64.     In addition, on information and belief, and based in part upon the clear infringement by the Accused Instrumentalities, Defendant has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

65.     The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement

shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '003 Patent.

66.     Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT III
## Infringement of U.S. Patent No. 8,406,994

67.     Plaintiff incorporates the above paragraphs by reference.

68.     Defendant has been on actual notice of the '994 Patent at least as early as the date it received service of the Original Complaint in this litigation.

69.     Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '994 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

70.     Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

71.     Defendant has directly infringed and continues to directly infringe the claims of the '994 Patent.  As exemplary, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  Defendant directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.  More specifically, and on information and belief and as represented in the video below, with respect to the Accused Instrumentalities, Defendant:

- (i) practices and provides displaying the map in accordance with a location determined by the GPS receiver, wherein the map shows a route on which the GPS receiver is indicated moving along;

- (ii) practices and provides superimposing images representing objects onto the map, wherein the objects resembles structures or settings along the route, the images are superimposed along the route to create a 3D impression around the location, wherein the structures or settings include one or more of landmarks, signs, significant buildings, and exit designs, a perspective of the structures or settings changes in accordance with a direction the GPS receiver is moving, the map is not changed relatively while the images being imposed change as the structures or settings change; and

- (iii) changing the images with different color effects in reference to an input from at least one source detecting weather conditions around the location at a specific time of a day that the map is to be displayed on the GPS receiver, making the map resembling an electronically generated map with a certain level of realism in accordance with surrounding of the location of the GPS at the time of the day, wherein the color effects are in respective tones pertaining to different times of the day, and the at least one source includes a raining sensor, the map is shown to include a raining effect when raining happens.



*See* **https://youtu.be/xKo-fmToUu4 (video showing how to show weather and raining effect on map for BMW iDrive).**

72.    Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Instrumentalities in an infringing manner.  Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

73.    As shown above, Defendant is making, using, and offering for sale the Accused Instrumentalities.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                        23

74.   Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing method operation of the Accused Instrumentalities.

75.   On information and belief, the infringement of the '994 Patent by Defendant has been willful through the filing and service of the Original Complaint.  The '994 Patent does not expire before May 11, 2031.

76.   In addition or in the alternative, Defendant now has knowledge and continues these actions since eservice of the Original Complaint and it indirectly infringes by way of inducing direct infringement by others and/or contributing to the infringement by others of the '994 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '994 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Defendant injured Plaintiff and is thus liable to Plaintiff for infringement of the '003 Patent under 35 U.S.C. § 271.

77.   Now with knowledge of the '994 Patent, Defendant induces infringement under Title 35 U.S.C. § 271(b).  Defendant will have performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

78.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

79.    Defendant has taken active steps to induce infringement, such as advertising (for example, through its marketing, user manuals, and online instruction materials as cited in Figures included in this and the Original Complaint) an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

80.    As one non-limiting example, Defendant, with knowledge that the accused automotive vehicles and components thereof infringe at least as of the date of the Original Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '994 Patent by providing product manuals that instruct end users how to use the Defendant navigation system, including specifically how to initiate such functions. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there is a high probability that others, including end users, infringe the '994 Patent, but while remaining willfully blind to the infringement.



*See* **https://youtu.be/xKo-fmToUu4** (video showing how to show weather and raining effect on map for BMW iDrive).

81.   In addition, on information and belief, and based in part upon the clear infringement by the Accused Instrumentalities, Defendant has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

82.   The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '994 Patent.

83.   Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT IV
## Infringement of U.S. Patent No. 6,292,743

84.   Plaintiff incorporates the above paragraphs by reference.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                        26

85.    Defendant has been on actual notice of the '743 Patent at least as early as the date it received service of the Original Complaint in this litigation.

86.    Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '743 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation, and up to is expiration on January 6, 2019.

87.    Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

88.    Defendant has directly infringed and continues to directly infringe the claims of the '743 Patent.  As exemplary, Claim 15 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  Defendant directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.  More specifically, and on information and belief and as represented in the videos below, with respect to the Accused Instrumentalities, Defendant practices and provides a navigation system which:

- (i) practices and provides a navigation computer;

- (ii) practices and provides a wireless transceiver coupled to said navigation computer for connecting with a navigation server, said navigation server for calculating optimal routes based on real-time information, said optimal routes being formatted using a non-proprietary, natural language description;

- (iii) practices and provides a mapping database coupled to said navigation computer for reconstructing said optimal route from said non-proprietary, natural language description; and

- (iv) practices and provides a display screen coupled to said navigation computer for displaying said optimal route using said mapping database.



*See* **https://youtu.be/NxEZo0Oonek (video of downloading map from network into BMW iDrive).**



*See* **https://www.bimmer-tech.net/blog/item/101-basic-bmw-navigation (screenshot showing relationship between artistic map and geographic map, selection of point, location and navigation for BMW iDrive).**

89.     Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes

them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Instrumentalities in an infringing manner.  Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

90.    As shown above, Defendant is making, using, and offering for sale the Accused Instrumentalities.

91.    Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing method operation of the Accused Instrumentalities.

92.    On information and belief, the infringement of the '743 Patent by Defendant has been willful since 2012 when BMW partnered with GPS manufacturer TomTom for its navigation devices.  *See  https://www.auto123.com/en/news/tomtom-partners-with-bmw/13084/.*    As shown below, TomTom was aware of the '743 Patent as early as 2011 in its application for its own European patent, EP2102607B1.  Upon information and belief, Defendant conducts due diligence of its own systems and products to avoid infringing others' patent rights, and would have discovered the '743 Patent in its due diligence ot integrate TomTom navigation devices.



**Screenshot of Google Patent search result for patent citations to the '743 Patent**

93.    With knowledge of the '743 Patent, Defendant induced infringement under Title 35 U.S.C. § 271(b).  Defendant will have performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v.*

*Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh*, 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co.*, 501 F.3d 1307, 1313, (Fed. Cir. 2007).

94. Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

Defendant has taken active steps to induce infringement, such as advertising (for example, through its marketing, user manuals, and online instruction materials as cited in Figures included in this and the Original Complaint) an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

As one non-limiting example, Defendant, with knowledge that the accused automotive vehicles and components thereof infringe at least as of the date of the Original Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce,

direct infringement of the '743 Patent by providing product manuals that instruct end users how to use the Defendant navigation system, including specifically how to initiate such functions. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there is a high probability that others, including end users, infringe the '743 Patent, but while remaining willfully blind to the infringement.



*See* **https://youtu.be/NxEZo0Oonek (video of downloading map from network into BMW iDrive).**



*See* **https://www.bimmer-tech.net/blog/item/101-basic-bmw-navigation (screenshot showing relationship between artistic map and geographic map, selection of point, location and navigation for BMW iDrive).**

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                          31

95.    In addition, on information and belief, and based in part upon the clear infringement by the Accused Instrumentalities, Defendant has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

96.    The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '743 Patent.

97.    Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1.    Declaring that Defendant has infringed the Patents-in-Suit;

2.    Awarding Plaintiff its damages suffered because of Defendant's infringement of the Patents-in-Suit;

3.    Enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Defendant's willful infringement of the Patents-in-Suit;

4.    Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest; and

5.    Granting Plaintiff such further relief as the Court finds appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                        32

Respectfully Submitted

*/s/* Christopher A. Honea

M. Scott Fuller
    Texas Bar No. 24036607
    sfuller@ghiplaw.com
Randall Garteiser
    Texas Bar No. 24038912
    rgarteiser@ghiplaw.com
Christopher A. Honea
    Texas Bar No. 24059967
    chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**